UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSON HEDGEPETH,<br><br>    Petitioner,<br><br>v.<br><br>R. MADDEN,<br><br>    Respondent. | Case No. 20-00858 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO FILE RENEWED MOTION FOR STAY**<br><br>(Docket No. 12) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. The matter was dismissed after Petitioner failed to file a motion for leave to proceed *in forma pauperis* ("IFP") in the time provided, Dkt. No. 10, and then reopened after he filed documents perfecting his IFP application. Dkt. No. 15. The matter was reassigned to this Court on January 22, 2021, after the judge originally assigned to this matter recused herself. Dkt. Nos. 16, 17.

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in Alameda County Superior Court of first degree murder, voluntary manslaughter, and enhancements. Dkt.

No. 5 at 2. Petitioner was sentenced to 50 years to life in state prison on October 26, 2017. *Id.* at 1. Petitioner appealed the matter to the state appellate and high courts based on one claim, but without success. *Id.* at 3.

On February 5, 2020, Petitioner filed a letter which was construed as an attempt to file a habeas action. Dkt. No. 1. Petitioner filed a petition on March 3, 2020. Dkt. No. 5. On July 27, 2020, Petitioner filed a motion for stay and abeyance, Dkt. No. 12, which was dismissed without prejudice to renewing after the Court conducted an initial review of the petition. Dkt. No. 15 at 2.

## DISCUSSION

### I.   Initial Review

#### A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

#### B.   Analysis

Petitioner claims the following grounds for habeas relief: (1) the trial court erred in failing to give instructions on self-defense, sudden quarrel or heat of passion defenses; and (2) ineffective assistance of appellate counsel for failing to raise the instructional error on appeal. Dkt. No. 5 at 5-6. Liberally construed, these claims are cognizable under § 2254. *See Solis v. Garcia*, 219 F.3d 922, 929-30 (9th Cir. 2000); *see Strickland v. Washington*, 466 U.S. 668 (1984). However, it appears that none of these claims were exhausted before

2

filing this action. Accordingly, this action may be subject to dismissal for failure to exhaust state judicial remedies as discussed below.

## II. **Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement, including challenges to administrative decisions denying parole, are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c).

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See id.*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

From an initial review of the petition, it is clear that the two claims presented were not raised on direct appeal. *See supra* at 2. Furthermore, the petition and Petitioner's subsequent motion for stay indicate that he has pending collateral reviews in the state courts, seeking to exhaust "uncertified issues." Dkt. No. 5 at 3; Dkt. No. 12. Accordingly, this action is subject to dismissal for failure to exhaust available state remedies. *See Rose*, 455 U.S. at 522. However, because Petitioner may still pursue federal habeas review of claims that were exhausted through direct review, the Court will grant him leave to amend to include those exhausted claims to avoid dismissal of this matter for failure to exhaust.

3

### III. Motion to Stay

Petitioner requests a stay to exhaust "uncertified issues" that were not raised by appellate counsel on direct appeal. Dkt. No. 15. However, Petitioner does not explain what those issues are, and whether they are limited to the claims raised in the instant action or include other claims he failed to include in the petition. *Id.*

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). As discussed above, Petitioner will be granted leave to file an amended petition that contains exhausted claims as well as the unexhausted claims, resulting in a mixed petition. Then the Court can entertain a renewed motion for stay.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of

4

AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.*

As discussed above, Petitioner's motion for stay does not explain what claims he is pursuing in the state courts. Petitioner has been granted leave to file an amended petition to include exhausted claims as well as new claims he is attempting to exhaust. *See supra* at 3-4. In the interest of justice, Petitioner shall also be granted leave to file a renewed motion for stay, concurrently with an amended petition, to attempt to make the appropriate showings under *Rhines*, *i.e.*, that there was good cause for his delay and that the new claims are potentially meritorious. If Petitioner fails to make such a showing, the Court will strike the unexhausted claims from the amended petition, and the matter shall proceed solely on the exhausted claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition is DISMISSED with leave to amend. No later than **twenty-eight (28) days from the date this order is filed**, Petitioner shall file an amended petition containing both the claims he exhausted on direct appeal and the new claims he is currently attempting to exhaust in the state courts. The amended petition must include the caption and civil case number used in this order, No. C 20-00858 BLF (PR), and must include the words AMENDED PETITION on the first page.

If Petitioner fails to file an amended petition in the time provided or the amended petition fails to contain any exhausted claims, this matter shall be dismissed for failure to exhaust all claims before filing this action. *See Rose v. Lundy*, 455 U.S. at 510.

2. Along with the amended petition, Petitioner may file a renewed motion for a stay that satisfies the requirements under *Rhines*, 544 U.S. at 277.

3. The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

**IT IS SO ORDERED.**

**Dated: __April 7, 2021_____**

BETH LABSON FREEMAN
United States District Judge

Order of DWLTA; Directing P to File Renewed Mot. for Stay
PRO-SE\BLF\HC.20\00858Hedgepeth_dwlta&renewed.stay