UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSON HEDGEPETH,<br>　　　　Petitioner,<br>　　v.<br>R. MADDEN,<br>　　　　Respondent. | Case No. 20-00858 BLF (PR)<br>**ORDER TO SHOW CAUSE;<br>DENYING MOTION FOR STAY AS<br>UNNECESSARY**<br><br>(Docket No. 23) |

  Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. The matter was dismissed after Petitioner failed to file a motion for leave to proceed *in forma pauperis* ("IFP") in the time provided, Dkt. No. 10, and then reopened after he filed documents perfecting his IFP application. Dkt. No. 15. The matter was reassigned to this Court on January 22, 2021, after the judge originally assigned to this matter recused herself. Dkt. Nos. 16, 17.

  On April 7, 2021, the Court dismissed the petition with leave to amend because Petitioner indicated that a request for a new trial was pending in Alameda County Superior Court based on a claim of instructional error. Dkt. No. 5 at 3. Petitioner also included an instructional error claim in the petition and stated that the "instructional error wasn't

presented to any court because my lawyer thought it held no matter despite my request to raise." *Id.* at 5. Based on this information, the Court concluded that Petitioner had not exhausted his state court remedies with respect to all the claims presented in the federal petition prior to filing this action. Dkt. No. 19 at 2-3. Accordingly, Petitioner was directed to file an amended petition that included only exhausted claims, as well as given an opportunity to file a renewed motion for a stay to exhausted additional claims. *Id.* at 3-4.

Petitioner has filed a letter stating that the two claims in the petition, which was filed on March 3, 2020, have since been exhausted, and points to supporting exhibits he filed later in this action. Dkt. Nos. 20, citing Dkt. No. 14. In another letter, Petitioner requests that the Court "dismiss" the renewed motion for stay as unnecessary since all his claims are exhausted. Dkt. No. 21. Then on May 24, 2021, Petitioner filed a motion to stay the matter pending resentencing proceedings in state court. Dkt. No. 23.

In the interest of justice and judicial economy, the Court deems the original petition and the later filed exhibits as the operative petition in this matter. Dkt. Nos. 5, 14. Because no further filing is necessary from Petitioner, his motion for a stay is DENIED as unnecessary.

## DISCUSSION

### I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

2

## II. Analysis

Petitioner claims the following grounds for habeas relief: (1) the trial court erred in failing to give instructions on self-defense, sudden quarrel or heat of passion defenses; and (2) ineffective assistance of appellate counsel for failing to raise the instructional error on appeal. Dkt. No. 5 at 5-6. Liberally construed, these claims are cognizable under § 2254, and merit an answer from Respondent. *See Solis v. Garcia*, 219 F.3d 922, 929-30 (9th Cir. 2000); *see Strickland v. Washington*, 466 U.S. 668 (1984).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. Nos. 5, 14. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 23.

**IT IS SO ORDERED.**

Dated: ___June 2, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause; Deny Stay
PRO-SE\BLF\HC.20\00858Hedgepeth_osc

4