UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSON HEDGEPETH,<br>　　　　Petitioner,<br>　v.<br>R. MADDEN,<br>　　　　Respondent. | Case No. 20-00858 BLF (PR)<br><br>**ORDER DENYING RENEWED MOTION FOR STAY; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 25, 26) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. On April 7, 2021, the Court dismissed the petition with leave to amend because Petitioner indicated that a request for a new trial was pending in Alameda County Superior Court based on a claim of instructional error. Dkt. No. 5 at 3. Petitioner also included an instructional error claim in the petition and stated that the "instructional error wasn't presented to any court because my lawyer thought it held no matter despite my request to raise." *Id.* at 5. Based on this information, the Court concluded that Petitioner had not exhausted his state court remedies with respect to all the claims presented in the federal petition prior to filing this action. Dkt. No. 19 at 2-3. Accordingly, Petitioner was directed to file an amended petition that included only exhausted claims, as well as given an opportunity to file a renewed motion

for a stay to exhausted additional claims. *Id.* at 3-4.

Petitioner later filed a letter stating that the two claims in the petition, which was filed on March 3, 2020, have since been exhausted, and points to supporting exhibits he filed later in this action. Dkt. Nos. 20, citing Dkt. No. 14. In another letter, Petitioner requested that the Court "dismiss" the renewed motion for stay as unnecessary since all his claims are exhausted. Dkt. No. 21. Then on May 24, 2021, Petitioner filed a motion to stay the matter pending resentencing proceedings in state court. Dkt. No. 23. In the interest of justice and judicial economy, the Court deemed the original petition and the later filed exhibits as the operative petition in this matter. Dkt. No. 24. Because no further filing was necessary from Petitioner, his motion for a stay was denied as unnecessary. *Id.*

Petitioner has filed a renewed motion for a stay pending resentencing under Senate Bill 620. Dkt. No. 25. Petitioner raised the following claims in this action: (1) the trial court erred in failing to give instructions on self-defense, sudden quarrel or heat of passion defenses; and (2) ineffective assistance of appellate counsel for failing to raise the instructional error on appeal. Dkt. No. 5 at 5-6. Petitioner's resentencing under Senate Bill 620 is not an issue before this Court. Therefore, the Court finds no need to delay this matter by granting a stay. Accordingly, the renewed motion for a stay is DENIED. Dkt. No. 25. Petitioner also requests the Court to direct the state courts to transmit records of his habeas corpus proceedings. Dkt. No. 25 at 3. The Court finds such a request is unnecessary since Petitioner has already provided such records.

Petitioner also moves for appointment of counsel. Dkt. No. 25 at 3; Dkt. No. 26. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Id.*; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel.

2

Accordingly, Petitioner's motion for appointment of counsel is DENIED without prejudice to the Court's *sua sponte* reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claim.

Currently, Respondent's answer to the Court's Order to Show Cause is due by August 31, 2021. Dkt. No. 24. There is no further action required from Petitioner until Respondent's answer is filed. Once the answer is filed, Petitioner will have thirty days to file a traverse. If he needs additional time, Petitioner may file a motion requesting an extension of time with good cause.

The Clerk shall include a copy of the Court's "Order to Show Cause," Dkt. No. 24, with a copy of this order to Petitioner, per his request.

This order terminates Docket Nos. 25 and 26.

**IT IS SO ORDERED.**

Dated: __July 14, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Stay; Denying Appt. of Counsel
PRO-SE\BLF\HC.20\00858Hedgepeth_motions

3