UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSON HEDGEPETH,<br><br>        Petitioner,<br><br>    v.<br><br>R. MADDEN,<br><br>        Respondent. | Case No. 20-cv-00858 BLF (PR)<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND TO REOPEN**<br><br>(Docket No. 38) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. On March 14, 2022, the Court denied the petition on the merits of the two claims presented, and also denied a certificate of appealability ("COA"). Dkt. No. 35.

On November 10, 2022, Petitioner filed a motion for COA and to reopen this matter to file further briefing. Dkt. No. 38. Petitioner claims that in April 2022, he filed a prior motion for a COA to which he received no response. *Id.* However, the only filing on the docket since judgment was entered on March 14, 2022, Dkt. No. 36, is a notice of change of address filed by Petitioner on May 2, 2022. Dkt. No. 37.

The Court already considered and denied a certificate of appealability, finding Petitioner "has not made 'a substantial showing of the denial of constitutional right'" nor

"demonstrated that 'reasonable jurists would fine the district court's assessment of the constitutional claims debatable or wrong.'" Dkt. No. 35 at 13, citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds no good cause to consider the matter further. Accordingly, the motion is DENIED.

Petitioner also states "NOA showing of good cause" in the heading of his motion, but then makes no mention of a notice of appeal in the document. Dkt. No. 38 at 1. An appeal of right may be taken only by filing a valid notice of appeal ("NOA") in the district court. Fed. R. App. P. 3(a)(1). The NOA must identify each appellant, the judgment or order or part thereof being appealed and name the court to which the appeal is taken. *West v. United States*, 853 F.3d 520, 521 (9th Cir. 2017) (listing requirements in Fed. R. App. P. 3(c) and noting that they are jurisdictional). Petitioner's recent filing fails to satisfy these requirements, and therefore does not constitute a valid NOA. Furthermore, Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A) (implementing 28 U.S.C. § 2107(a)). Since judgment was entered on March 14, 2022, the time for appealing the Court's order denying the petition has long since passed.[1]

This order terminates Docket No. 38.

**IT IS SO ORDERED.**

Dated:  ____November 29, 2022____

*[signature]*

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for COA & Reopen
PRO-SE\BLF\HC.20\00858Hedgepeth_deny-coa

---

[1] There is no indication that Petitioner seeks, or has ever sought, an extension of time to file a notice under Rule 4(a)(5), which allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A). Rule 4(a)(5) requires a "formal motion" that, among other things, "explicitly request[s] an extension of time." *Malone v. Avenenti*, 650 F.2d 569, 572 (9th Cir. 1988). Petitioner makes no such explicit request anywhere in his recent filing.

2